# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                        **No. 07-cr-30179-DRH**

**CARL A. COURTRIGHT, III,**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court are defendant Carl A. Courtright, III's, motion to notify court of payments made to court as ordered on July 17, 2009, filed on May 24, 2012 (Doc. 173) and motion for copies and status, filed on June 1, 2012 (Doc. 174). The government responded to defendant's motion to notify the court of payments on June 6, 2012 (Doc. 175). For the following reasons, defendant's motion to notify the Court of payments is **DENIED**. Defendant's motion for copies and status is **DENIED in part and GRANTED in part.**

### I. MOTION TO NOTIFY COURT OF PAYMENTS IS DENIED

On July 17, 2009, the Court entered a judgment against defendant which included, in addition to the penalty of imprisonment, a special assessment of $500.00, a fine of $1,500.00, restitution of $3,100.00, and a forfeiture of $3,100.00, in addition to the forfeiture of certain computer equipment more fully described in

the preliminary order of forfeiture entered on July 27, 2009 (Doc. 120) and the order of finding of no third-party interests (Doc. 141). Defendant relates that he voluntarily enrolled into the Inmate Financial Responsibility Program (IFRP) regarding the fine, restitution, and special assessment entered against him.

Attached to defendant's motion is a letter from the government dated April 30, 2012 (Doc. 173, p. 4). Solely in reference to the forfeiture judgment of $3,100.00, the government states that, "in order to avoid further legal action to enforce said judgment, please pay the sum of $3,100.00 within 30 days from the date of this letter." Alternatively, the government states, "[i]f you are unable to pay the judgment in full at this time, please fill in and return to us within 30 days from the date of this letter the enclosed 'Financial Statement of Debtor.' We will use the information to help assist us in determine[sic] what steps, if any, we should take to enforce the judgment at this time." As defendant has voluntarily entered the IFRP, he "requests that the Court take official note of [d]efendant's compliance in his attempt and actions to satisfy the ordered financial judgments. The [d]efendant would also request that the [government] be notified of such compliance and be ordered to cease and desist its burdensome demands on the [d]efendant." Additionally, defendant requests that the Court order defendant "Temporarily Exempt" status on fines, fees, and restitution until defendant is hired by Unicor, due to his current financial status.

In response, the government preliminarily notes that the letter to which defendant references pertains exclusively to enforcement of the $3,100.00 forfeiture

judgment entered against him; not his fine, restitution, or special assessment. The government notes that with respect to the enforcement of the forfeiture judgment of $3,100.00, that enforcement is a matter separate from the collection of his restitution of $3,100.00. This is because the same criminal conduct can lead to the imposition of a forfeiture order separate from and in addition to an order for restitution, as forfeiture is a punishment against the defendant based on his ill-gotten gains, while restitution is intended to make a crime victim whole. *United States v. Emerson*, 128 F.3d 557, 567 (7th Cir. 1997). Thus, the government explains that the defendant's enlistment in the IFRP to pay his fine, special assessment, and restitution judgment does not preclude the government from pursuing its forfeiture judgment.

Moreover, as to defendant's request for "Temporary Exempt" status, the government notes that defendant requests the Court's intervention in the administration of the IFRP, as he seeks exemption from payments until he is hired by Unicor. As administration of the IFRP is a function of the Bureau of Prisons (BOP), not the Court, an administrative procedure is available whereby defendant may appeal a decision concerning the administration of IFRP. Thus, the government argues the Court should not interfere. *See United States v. Sawyer*, 521 F.3d 792, 794-796 (7th Cir. 2008) ("Prisoners dissatisfied with a warden's administration of the Inmate Financial Responsibility Program may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure Act. 5 U.S.C. § 702.").

The Court agrees with the government's rationale and declines to intervene. As the government explains, the forfeiture order is separate and distinct from the fine, restitution, and special assessment which defendant has voluntarily begun to satisfy. Thus, the government's letter regarding his forfeiture judgment is unrelated to his participation in the IFRP. Further, the Court reiterates that the IFRP is a voluntary program in which a district court has no authority to order a defendant to participate. *United States v. Boyd*, 608 F.3d 331 (7th Cir. 2010). However, as the Seventh Circuit in *Boyd* explained, although participation in the IFRP is voluntary and cannot be compelled, "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP." *Id.* at 334 (citing approvingly *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008) ("An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences.")). Regardless, the government correctly notes that defendant must utilize the administrative remedies available to him to address his current dissatisfaction with the BOP's administration of the IFRP. *See* 5 U.S.C. § 702. *Sawyer*, 521 F.3d at 794-95. Accordingly, the government **DENIES** defendant's requests, as this Court is the improper forum to address his grievances (Doc. 173).

## II. MOTION FOR COPIES AND STATUS DENIED IN PART

Finally, defendant requests the Court send a copy of his docket sheet and the status of his motion to notify court of payments (Doc. 174). The Court notes this

Order provides defendant the requested status as to his motion to notify the court of payment. Accordingly, that portion of defendant's motion is rendered **MOOT**.

As to defendant's request for a copy of his docket sheet, 28 U.S.C. § 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that the documents requested are necessary to the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). Defendant has not presented documentation of his indigence. Further, he has no motions or actions currently pending before the Court. Thus, to the extent defendant requests a free copy of his docket sheet, his motion is denied. However, the Clerk shall send defendant a copy of his docket sheet provided he pays the requisite fee in advance. Thus, as defendant's docket sheet is currently 23 pages in length, should he provide the Clerk with $11.50 ($.50 per page), the Clerk shall send defendant a copy of his docket sheet. Thus, defendant's motion is **DENIED in part and GRANTED in part** (Doc. 174).

### III. CONCLUSION

For the above stated reasons, defendant's motion to notify court of payments is **DENIED** (Doc. 173). Further, defendant's motion for copies and status is **MOOTED in part**, as this Order provides defendant the status he requests. Further, defendant's motion for copies is **DENIED in part**, as the Court will not provide

defendant free copies of Court documents. However, defendant's motion for copies is **GRANTED in part**, to the extent the Clerk shall send defendant a copy of his docket provided he pays the requisite fee in advance (Doc. 174).

**IT IS SO ORDERED**.

Signed this 7th day of June, 2012.

David R. Herndon
2012.06.07
17:11:09 -05'00'

**Chief Judge
United States District Court**