IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**CARL A. COURTRIGHT, III,**

    **Defendant.**        No. 07-cr-30179-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Defendant filed a motion to notify court of payments made to court as ordered on July 17, 2009, on May 24, 2012 (Doc. 173). Additionally, defendant filed a motion for copies and status, on June 1, 2012 (Doc. 174). The government timely responded to defendant's motion to notify the court of payments on June 6, 2012 (Doc. 175). Thereafter, on June 8, 2012, the Court denied defendant's motion to notify court of payments and denied in part his motion for copy and status (Doc. 176). The docket sheet indicates that a copy of said Order was sent to defendant on June 11, 2012. However, on June 12, 2012, prior to defendant's receipt of the Court's Order of denial, defendant sent a reply to the government's response to his motion to notify court of payments (Doc. 177). Thus, defendant's reply is **MOOT.** Alternatively, for the following reasons, defendant's reply is **STRICKEN,** as it does not comply with the local rules.

Pursuant to Local Rule 7.1(c), "**[r]eply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief shall state the exceptional circumstances." SDIL-LR 7.1(c). Defendant does not state exceptional circumstances warranting a reply, as he merely cites confusion as to the relevant forfeiture order and judgment.

Defendant argues the government incorrectly states a forfeiture order in the amount of $3,100.00 was entered against him. Defendant is incorrect. A forfeiture order in the amount of $3,100.00 was entered against defendant (Doc. 120). This Order was entered pursuant to the judgment entered on July 17, 2009, which states, "DEFENDANT AGREES TO FORFEITURE AS STATED IN COUNTS 6 AND 7 OF THE SECOND SUPERSEDING INDICTMENT. AMOUNT OF FORFEITURE WITH REGARD TO COUNT 7 IS $3,100.00. WRITTEN ORDER OF FORFEITURE TO BE ISSUED" (Doc. 115, p. 7).

As a practical matter, the Court feels it necessary to explain to defendant that the forfeiture order merely provides the government a separate vehicle through which to satisfy the $3,100.00 restitution order entered against him. Thus, the Court again reiterates that with respect to the enforcement of the forfeiture order of $3,100.00, that enforcement is a matter separate from the collection of his restitution of $3,100.00. Therefore, as the Court previously explained, the defendant's *voluntary* enlistment in the IFRP to pay his fine, special assessment, and restitution judgment does not preclude the government from pursuing its forfeiture order.

If the defendant is concerned that the government is seeking to or will somehow collect $3100.00 twice on behalf of the victim in this case, he need not have that concern. His conviction pursuant to Count V of the Second Superceding Indictment requires that the victim be made whole and that is what the restitution amount is intended to do. However, the Court will not permit collection of restitution in excess of that amount whether through the IFRP or forfeiture proceedings or whatever lawful vehicle the government uses to collect defendant's debt. However, it is a debt for which defendant is responsible and his incarceration does not absolve him of that debt.

Further, as the Court previously explained, the Court will not intervene concerning defendant's desire to suspend his payments under the IFRP. Impliedly, defendant's reply argues that the Court is obligated to oversee defendant's voluntary enlistment in the IFRP, as it ordered defendant's immediate payment of the special assessment, fine, and restitution entered against him. This is incorrect. The judgment entered on July 17, 2009, set a payment schedule to commence upon defendant's term of supervised release (Doc. 115, p. 7). Thus, the Court again reiterates that defendant must utilize the administrative remedies available to him to address his current dissatisfaction with the BOP's administration of the IFRP. *See* 5 U.S.C. § 702; *United States v. Sawyer*, 521 F.3d 792, 794-796 (7th Cir. 2008) ("Prisoners dissatisfied with a warden's administration of the Inmate Financial Responsibility Program may appeal within the Bureau of Prisons, see 28 C.F.R. § 545.11(d), and may be able to obtain judicial review of the Bureau's final decision under the Administrative Procedure

Act. 5 U.S.C. § 702."). Accordingly, as defendant's reply merely notes confusion as to the existing forfeiture order and judgment entered against him, it does not state exceptional circumstances warranting its consideration. Accordingly, it is **STRICKEN**. Alternatively, it is **MOOT** due to the Court's previously filed Order.

**IT IS SO ORDERED.**

Signed this 26th day of June, 2012.

David R. Herndon
2012.06.26
09:02:36 -05'00'

**Chief Judge**
**United States District Court**